# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

cmulholland@faillacelaw.com

**Via ECF**

**MEMO ENDORSED**

June 29th, 2018

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/2/2018
```

Honorable Valerie E. Caproni  
United States District Judge  
Daniel Patrick Moynihan  
United States Courthouse  
500 Pearl Street  
New York, NY 10007

      **Re:**    Figueroa v. 94-96 Avenue A Realty Corp. et al**;**  
            **18 CV 871 (VEC)**

Dear Judge Caproni:

    We represent Defendants in the above referenced matter and this letter in compliance with Your Honor's order requiring the submission of a joint letter regarding outstanding discovery disputes. The undersigned emailed a similar draft of this letter to Plaintiff's counsel at around 2 in the afternoon but in lieu of responding to me, Plaintiff's counsel appears to have filed his own letter/declaration.

    Defendants also request that a conference be set requiring the attendance of the Plaintiff for the reasons set forth below. Defendants are unclear about whether Plaintiff consents to this request for a conference or not.

    It is the understanding of the undersigned that counsel have arrived at tentative agreements regarding most of the discovery issues raised but one major dispute remains outstanding that requires Court intervention – the Plaintiff's Deposition.

    Details regarding these issues are set forth more fully in the Declaration of Colin Mulholland, Esq. dated 6/29/18.

    Defendants' understanding is as follows:

June 29, 2018
Page 2

### PLAINTIFF'S DEPOSITION

Defendants' noticed Plaintiff for a deposition back on June 1st 2018 to be held at the office of Defendants' counsel on June 29th, 2018. Plaintiff's counsel never responded regarding that deposition to either confirm, deny nor offer alternative dates. Rather, Plaintiff's counsel dispatched a letter by email after 5pm the night before the deposition was scheduled to advise that Plaintiff would not attend any deposition unless and until Defendants respond to discovery demands that were only served on June 27th, 2018.

It is Defendants contention that Plaintiff is not entitled to avoid a deposition on that basis pursuant to the FRCP and would ask the Court leave to file a motion to compel Plaintiff's deposition.

### THE POWER OF ATTORNEY AND HIPAA

Plaintiff's counsel provided an improperly executed Power of Attorney dated June 26th, 2018 to Defendants that lacked a proper notary and listed Mr. Figueroa's address as Mr. Finkelstein's office address. It is also the contention of Defendant that Mr. Finkelstein cannot notarize the document himself.

After the phone call, it is the understanding of the undersigned that Mr. Finkelstein will provide a properly executed and notarized power of attorney on Monday July 2nd, 2018 along with a contemporaneous HIPAA executed after the execution of that power of attorney

### PLAINTIFF'S DOCUMENT DEMANDS

Plaintiff served their document demands on June 27th, 2018. Counsel resolved that Defendants would respond within the 30 days offered by the FRCP.

June 29, 2018
Page 3

### RULE 34 INSPECTION

Plaintiffs' expert will choose between one of seven (7) dates to offered by Defendants to conduct their inspection - 7/9, 7/16, 7/17, 7/19, 7/23, 7/24 and 7/25.

### CONFERENCE WITH CLIENT ATTENDANCE

It is hereby ordered that the parties show cause at 10:00 a.m. on July 13, 2018 why they should not be held in contempt and why counsel should not be sanctioned for failure to comply with the Court's order that they meet and confer for not less than three hours in person.  Any written responses to the Court's order to show cause are due by July 9, 2018.  Mr. Figueroa and a client-representative for the Defendant must attend the July 13, 2018 conference.  By July 3, 2018, both parties must submit to the Court a list of three dates, times, and locations for Plaintiff's deposition and three dates and times that should be acceptable to conduct an inspection of the subject premises.  If there is no overlap in the parties' lists, the Court will pick a date, time, and location for Plaintiff's deposition and a date and time for the inspection in the Court's discretion.  By July 3, 2018, Plaintiff must submit for the Court's inspection a copy of the power of attorney which Plaintiff's counsel relied upon in executing the original HIPAA release.  The Court recommends the parties meet in person, as previously directed, to address any outstanding discovery issues prior to the July 13, 2018 status conference.

SO ORDERED.

*Valerie Caproni*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE
7/2/2018